## In re Stief et al.

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Edwin Fischer*, for petitioner.

*William A. Gray*, for respondents.

VAN DUSEN, P. J., April 29, 1938.—This is a petition for an order to file an account, directed to one who is alleged to be a trustee inter vivos and therefore within the jurisdiction of this court under the Act of June 26, 1931, P. L. 1384. Respondent is an attorney at law who collected some money in settlement of a claim arising from personal injuries suffered by a client. He wrote a letter to the client, stating that he sent her some of the money therewith and that he retained other money to distribute among claimants to the fund, including a hospital and a loan company and himself and a physician, specifying the amounts owing to each, which exceeded the sum retained.

Petitioner is the physician and he alleges that he got only a small sum on account, and that there is a balance in the hands of the respondent which should be distributed pro rata among those persons mentioned in the letter. There is a preliminary objection to the jurisdiction of this court.

In Shaffer's Estate, 21 D. & C. 90, we held that this court had no jurisdiction over a trust which arose from the receipt by an attorney for a minor of moneys in settlement of a claim for injuries to the minor. The trust, if any, arose by operation of law as it could not arise from agreement with the minor. This court said:

"The expression 'trust inter vivos' is capable of including all kinds of trusts except those created by testament. But when we read the words in the light of the history of our jurisdiction we cannot believe that this expression was meant to give to this court concurrent jurisdiction with the common pleas over the whole subject of nontestamentary trusts. The orphans' court has special experience in dealing with the problems that arise under wills; and deeds of trust, which are coming more and more into use, present much the same problems. Whether our jurisdiction is to be confined to trusts arising by deed or other written instrument inter vivos, it is not necessary to decide. We do think, however, that such jurisdiction is not to be extended to trusts which arise by operation of law."

We now have to decide whether this court has jurisdiction of a trust alleged to be created by writing but for a temporary purpose, and we hold that it does not. The point is not so much the informality of the instrument as that there is no continuing trust requiring both administration and distribution. We think the analogy of testamentary trusts should govern our jurisdiction.

See also Reading National Bank & Trust Company's Account, 22 D. & C. 654.

The petition is dismissed for lack of jurisdiction, without prejudice.